UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-24845-CIV-COOKE/GOODMAN

NOAH'S WHOLESALE, LLC,

    Plaintiff,

v.

COVINGTON SPECIALTY INSURANCE CO.,

    Defendant.
_____/

## ORDER CONCERNING DISCOVERABILITY OF INSURER'S CLAIM FILE AND WORK PRODUCT CLAIM

"Timing," they say, "is everything."

The ubiquitous "they" may well be correct about that timing thing when it concerns the issue of when a party anticipated litigation under the work product doctrine. In this first-party commercial insurance policy lawsuit filed by an insured, Plaintiff Noah's Wholesale, LLC ("Noah's Wholesale" or "Plaintiff"), against its insurance company, Defendant Covington Specialty Insurance Company ("Covington" or "Defendant"), each side has a significantly different view about the time of when Covington first anticipated litigation. Covington contends it anticipated litigation immediately upon receipt of Noah's Wholesale's notice of its loss, while Noah's Wholesale contends that Covington did not anticipate litigation until this lawsuit was

filed, more than a year after the first loss notice was provided.

The factual scenario underlying the timing of Covington's work product doctrine claim and the legal ruling on whether Covington (which has the burden of establishing its work product claim) has demonstrated that its timing analysis is *everything* (or even <u>something</u>) are outlined below.

By way of summary, though, this Order resolves the timing dispute, but it does not adopt either side's position about when Covington's work product theory should first provide protection against the discoverability of its claim file. Instead, the Undersigned, after reviewing *in camera* the filed-under-seal documents for which Covington asserts work product protection, finds that Covington anticipated litigation approximately midway between the two extreme positions urged by the clients. To be more specific, the Undersigned finds that Covington anticipated litigation in this theft-of-business-property insurance claim when it decided that outside counsel might be warranted. This happened in the midst of its claim investigation, upon receipt of correspondence from Noah's Wholesale's (former) counsel regarding the claim on June 6, 2018.

As discussed below, this determination is an exception to the general rule that an insurer presumptively anticipates litigation in a first-party insurance claim context when it denies the claim. In the instant case, Noah's Wholesale filed this lawsuit *before* Covington formally denied the claim, but long after Covington started probing the legitimacy of the claim and began evaluating potential defenses and exemptions.

2

## A. Applicable Legal Principles

The party claiming a privilege has the burden of proving its applicability. *Adelman v. BSA,* 276 F.R.D. 681, 689-90 (S.D. Fla. 2011). Federal courts have consistently recognized the "well settled proposition that 'the party seeking the privilege has the burden of establishing all of its essential elements.'" *In re Air Crash Near Cali, Colombia,* 959 F. Supp. 1529, 1532 (S.D. Fla. 1997) (quoting *In re Air Crash Disaster at Sioux City, Iowa,* 133 F.R.D. 515, 518 (N.D. Ill. 1990)); *see also United States v. Construction Prods. Research, Inc.,* 73 F.3d 464, 473-74 (2nd Cir. 1996) (rejecting attorney-client and work product claims where the party claiming those privileges failed to establish the essential elements); *In re Grand Jury Subpoenas,* 318 F.3d 379, 384 (2nd Cir. 2003) (collecting cases); *see generally Bridgewater v. Carnival Corp.,* 286 F.R.D. 636, 638-39 (S.D. Fla. 2011) (explaining that the burden to sustain a work product claim is "heavy" because "privileges are not lightly created nor expansively construed, for they are in derogation of the search for the truth").

Applying the work product doctrine in the context of an insurance claim file, which is essentially a file of investigative documents created to arrive at a claim decision, is somewhat "complex" because "it is in the ordinary course of business for an insurance company to investigate a claim with an eye toward litigation." *Milinazzo v. State Farm Ins. Co.,* 247 F.R.D. 691, 701 (S.D. Fla. 2007). Recognizing this practical reality, many courts, including several in the Southern District of Florida, establish a rebuttable presumption that documents or things prepared *before* an insurer's final decision on a claim are <u>not</u>

work product but that documents and things produced *after* the decision are work product. *See id.*; *1550 Brickell Assocs. v. Q.B.E. Ins. Co.*, 253 F.R.D. 697, 698-699 (S.D. Fla. 2008); *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 268 F.R.D. 695, 698 (S.D. Fla. 2010).

An insurance carrier may rebut the presumption that documents prepared before the final decision are not work product by presenting "specific evidentiary proof of objective facts." *Milinazzo*, 247 F.R.D. at 701; *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, Case No. 6:04-cv-1838, 2006 WL 1733857, at *2 (June 20, 2006, M.D. Fla.). The insurer must "demonstrate the connection to possible litigation concretely enough to assure a court that it is not simply trying to immunize from discovery its routine claims processing material." *Commercial Long Trading Corp. v. Scottsdale Ins. Co.*, No. 12-22787-CIV, 2012 WL 6850675, at *2 (S.D. Fla. Dec. 26, 2012) (citing *Royal Bahamian Assoc., Inc.*, 268 F.R.D. at 698).

With these principles in mind, courts have found that the issuance of a reservation of rights or "ROR" letter does not start the time period for work product protection within an insurer's claim file. *See, e.g., Lewis v. Ameriprise Ins. Co.*, No. 16-00111-B, 2017 WL 890101, at *3 (S.D. Ala. Mar. 6, 2017) (finding that a reservation of rights letter, along with a request for the insured to provide additional information, showed that the insurance company was "still in the information gathering mode" and "[s]uch activity clearly suggests that litigation was not imminent, that Defendants were still in the fact gathering mode, and that Plaintiff's claim was still under consideration"); *Mizner Grand Condo. Ass'n v. Travelers Prop. Cas. Co. of Am.*, No. 09-82280-CIV, 2011 U.S. Dist. LEXIS 163320, at

4

*12 n.4 (S.D. Fla. Feb. 24, 2011) ("Travelers also argues that it anticipated litigation when it issued a reservation of rights letter to Boca on April 2, 2008. Such a letter, however, is not a final denial for the purposes of the work-product analysis. Indeed, the letter itself acknowledges that it 'is not a declination of coverage.'"). Instead, courts find that the work product protection begins after a decision is made by the insurance company or when litigation becomes "*imminent*." *Lewis*, 2017 WL 890101, at *3 (emphasis added).

A party must anticipate litigation **at the time the documents were created** for the protection to apply. *Milinazzo*, 247 F.R.D. at 698. At bottom, "[t]he determinative question is whether the prospect of litigation was the primary motivating purpose behind the creation of a particular document." *Venture Inv. Properties, LLC v. Scottsdale Ins. Co.*, No. 3:14-CV-1536-J-34PDB, 2015 WL 5664618, at *2 (M.D. Fla. July 23, 2015) (internal citations omitted).

The Court, which is entitled to broad discretion in managing pretrial discovery matters, must determine when the document was created and *why* it was created. *Milinazzo*, 247 F.R.D. at 698; *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). In fact, "in determining whether a document was made in anticipation of litigation, the primary focus is the reason or purpose for creating the document." *Place St. Michel, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 06-21817-CIV, 2007 WL 1059561, at *2 (S.D. Fla. Apr. 4, 2007) (internal citation omitted).

**B.     Analysis**

At the discovery hearing on Covington's claim of work product protection over the insurance claim file at issue, defense counsel presented a number of potential dates (starting with the earliest in time) that could conceivably be the date when the work product doctrine is established for the Noah's Wholesale claim file. After the discovery hearing, and at my direction, Covington filed the Affidavit of Kesandra DeLaney [ECF No. 18], the litigation specialist assigned to the subject claim, in support of its various potential dates for beginning the work product protection over the claim file. Ms. DeLaney is neither a licensed attorney nor a graduate of an accredited law school, however. [ECF No. 20]. Her affidavit does not explain what legal training, if any, she has received to be a "litigation specialist" for Covington. [ECF No. 18]. The affidavit does not describe Ms. DeLaney as a certified legal assistant or paralegal. *Id.* It simply uses the term "litigation specialist" and explains that she is assigned to the claim and is familiar with the file. *Id.*

At the hearing, Covington's counsel explained that Ms. DeLaney is "new."

In any event, notwithstanding the less-than-clear background, credentials, and experience of Ms. DeLaney, Covington first argues that June 27, 2017, should be the starting point for the work product protection because it is the date that the sole owner of Noah's Wholesale recorded his statement about the loss and provided a document indicating that the alarm system was not activated on the date of the loss. [*See* ECF No.

18, ¶ 8]. Covington argues that this date is pertinent because it "reasonably anticipated litigation, in that there would be no coverage under the policy" because "the alarm system was not activated on the date of the loss." *Id.* Covington's position is that the policy excludes coverage if the alarm system is not activated at the time of a break-in. [ECF No. 8, pp. 3-4].

The Undersigned disagrees with Covington's argument that work product protection over the claim file starts on June 27, 2017, because there was still uncertainty about whether litigation would ensue at this point. By Covington's own actions, such as sending a reservation of rights letter in August 2017 (asking Noah's Wholesale for more information/documentation of the loss), it is evident that Covington was still in "information gathering mode" and not certain about litigation. *Lewis*, 2017 WL 890101, at *3. At the time of the June 27, 2017 statement and alarm documentation, the claim file documents were not being created with the thought that litigation was imminent. *See Lewis*, 2017 WL 890101, at *3; *Venture Inv. Props., LLC*, 2015 WL 5664618, at *2.

Covington next argues that if the Undersigned were to reject the June 27, 2017 date for the start of the work product protection, then the Undersigned should use August 3, 2017 as the point where it anticipated litigation. Covington's argument is that this is when "Covington's assigned claims administrator sent the insured correspondence . . . indicating it was investigating the claim under a reservation of rights, and specifically requested certain information from the insured." [ECF No. 18, ¶ 9].

7

As explained above, the Undersigned similarly disagrees with beginning the work product protection on the date of the ROR letter because Covington was still investigating Noah's Wholesale's claim and had not declined or otherwise reached a final decision on coverage of the claim. *See Lewis*, 2017 WL 890101, at *3; *Mizner Grand Condo. Ass'n*, 2011 U.S. Dist. LEXIS 163320, at *12 n.4 (finding that a reservation of rights letter does not start work product protection over the claims file); *Venture Inv. Props., LLC*, 2015 WL 5664618, at *2 ("If the insurer was primarily concerned with deciding whether to resist the claim, to reimburse the insured and seek subrogation[,] or to reimburse the insured and forget about the claim . . . it is not work product.") (internal quotation omitted).

Defendant's next proposed date for the time it first anticipated litigation is June 6, 2018, when "Covington re-opened the subject claim after it received correspondence from Joshua Widlansky, Esq., advising Covington that the insured had retained the law firm of Padula Bennardo Levine in relation to the subject claim." [ECF No. 18, ¶ 11]. Ms DeLaney's declaration explains that "[a]fter being advised that the insured had retained counsel, Covington internally discussed the possibility of retained **outside coverage counsel** in relation to the subject claim." *Id.* at ¶ 12 (emphasis added).

After reviewing the claim file *in camera*, the Undersigned agrees with Covington that June 6, 2018, when Noah's Wholesale informed Covington that it retained counsel in relation to the subject claim, is the date when the work product protection should begin over the claim file. The *in camera* inspection shows that Covington responded to the letter

8

as if litigation were imminent, and created claim file documents from that point forward with the "prospect of litigation [as] the primary motiving purpose." *Venture Inv. Props., LLC*, 2015 WL 5664618, at *2; *Milinazzo*, 247 F.R.D. at 698 (finding that a party must anticipate litigation at the time the documents were created for the protection to apply); *Place St. Michel, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 06-21817-CIV, 2007 WL 1059561, at *2 (S.D. Fla. Apr. 4, 2007) ("[I]n determining whether a document was made in anticipation of litigation, the primary focus is the reason or purpose for creating the document."). Discussing the need for outside coverage counsel (after learning that the insured retained counsel) is a tangible illustration of a view that litigation was anticipated.

**C.     Conclusion**

For the foregoing reasons, the Undersigned finds that **June 6, 2018** is the date that work production protection begins for documents in Covington's insurance claim file. As stated above, this Order does not adopt either side's position regarding the discoverability of Covington's claim file. By **March 20, 2020**, Covington shall produce to Noah's Wholesale a copy of the documents within the claim file which were generated before June 6, 2018.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on March 13, 2020.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record